UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PATRICK GILLIAM, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:16-cv-04077-SLD-JEH |
| JOINT LOGISTICS MANAGERS, INC., | ) |
| Defendant. | ) |

ORDER

Now before the Court is Defendant's motion to dismiss the Complaint, ECF No. 2. For the following reasons, the motion is GRANTED as specified below.

**BACKGROUND[1]**

Plaintiff Gilliam worked as a dispatcher at Defendant Joint Logistics Managers, Inc. ("Joint Logistics"), at a facility the company operates in Rock Island, Illinois. He worked there from July 17, 2012, until Joint Logistics fired him on February 27, 2015. At the time he was hired, Gilliam informed Joint Logistics that he suffered from post-traumatic stress disorder ("PTSD") and migraines, and that he would need to take periodic leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–54. He implies, but never states, that he took such leave repeatedly while working at Joint Logistics. On February 18, 2015, he submitted a certification for leave, signed by a Registered Nurse Practitioner, to Joint Logistics, and requested leave. On February 27, 2015, Joint Logistics fired Gilliam "for his attempts to exercise FMLA leave." Compl. 2, Not. Removal Ex. 3, ECF No. 1-2.

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Accordingly, the material set forth here is, unless otherwise noted, based on allegations in the Complaint, Not. Removal Ex. 3, ECF No. 1-2.

1

Gilliam sued Joint Logistics for violating the FMLA in Illinois state court on October 21, 2015.  *See* Compl.  Joint Logistics was improperly served, but default judgment entered against it; the default judgment was later withdrawn by agreement of the parties on April 8, 2016.  Mem. Supp. Mot. Dismiss 1–2, ECF No. 2-1.  Joint Logistics then removed the case to this Court on April 19, 2016.  Not. Removal, ECF No. 1.  The instant motion to dismiss followed on May 6, 2016.  Plaintiff never responded.  The Court entered a Text Order after the deadline to respond had run, ordering Gilliam to respond, if he intended to do so, by July 6, 2016.  June 22, 2016 Text Order.  Gilliam never responded.

## DISCUSSION

### I.     Standard on a Motion to Dismiss

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff.  *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).  A court will dismiss a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In determining whether such a claim has been stated, a court should first identify pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  It should then take the remaining, well-pleaded factual allegations, "assume their veracity[,] and . . . determine whether they plausibly give rise to an entitlement to relief."  *Id*.  This means that a complaint must provide "allegations that raise a right to relief above the speculative level."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

### II.    Analysis

Gilliam never responded to the motion to dismiss.  Pursuant to local rule, when a party does not respond to the other side's motion, it is presumed there is no opposition to the motion.

2

L.R. 7.1(B)(2). "However, the Seventh Circuit also requires that before granting a dispositive motion as unopposed, the trial judge must look at the motion to determine whether it states adequate grounds for the relief requested." *Bonvolanta v. Delnor Cmty. Hosp.*, 413 F. Supp. 2d 906, 908 (N.D. Ill. 2005) (citing *Nabozny v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996)). Because Joint Logistics seeks dismissal of all Gilliam's claims, the Court will briefly review the merits of the motion.

"The FMLA entitles any eligible employee suffering from a serious health condition that renders him unable to perform the functions of his position to [12] workweeks of leave during each [12]-month period." *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006) (citing 29 U.S.C. § 2612(a)(1)(D)). The FMLA also makes it illegal for an employer covered by the FMLA to (1) interfere with an employee's attempt to exercise his rights under the FMLA, 29 U.S.C. § 2615(a)(1), or (2) to retaliate against an employee for such exercise, *id.* § 2615(a)(2).

Joint Logistics argues that Gilliam's claims must fail because he does not plead that he is an eligible employee under the FMLA. An eligible employee under the FMLA is an employee who has been employed for at least 12 months by an employer covered by the FMLA, and who has worked for at least 1,250 hours during the last 12 months. 29 U.S.C. § 2611(2)(A). Specifically excluded from eligibility are employees who work at sites where their employer employs less than 50 employees, if the total number of employees employed by the employer within 75 miles of the site is also less than 50. *Id.* § 2611(2)(B)(ii). Joint Logistics points out correctly that Gilliam's complaint neither alleges that he had worked for at least 1,250 hours in the 12 months before his termination, nor that Joint Logistics employs the requisite number of employees at the site he worked at or in the area surrounding it. Mem. Supp. Mot. Dismiss 3. Joint Logistics further argues, relying on the affidavit of Debra Girvin, its Director of Human

Resources, that Gilliam could not amend his complaint to allege the requisite number of employees, because the number of people working at its Rock Island facility never exceeded 27 for the relevant time period, and Joint Logistics employs no one else within 75 miles of the Rock Island facility. Girvin Aff. ¶ 5, Mem. Supp. Mot. Dismiss Ex. 1, ECF No. 2-1.

To prevail on an FMLA claim, a plaintiff must show that he (1) was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him benefits thereafter to which the FMLA entitled him. *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 590 (7th Cir. 2008). District courts in the Seventh Circuit have dismissed for failure to state a claim complaints that do not allege the plaintiff to be an eligible employee under 29 U.S.C. § 2611(2). *See, e.g.*, *Bennett v. Wal-Mart Store, Inc.*, No. 11-3066, 2011 WL 1899362, at *3 (C.D. Ill. May 19, 2011) (dismissing on 12(b)(6) grounds a complaint that did not allege plaintiff worked 1,250 hours or more in the preceding year); *Blidy v. Examination Management Services, Inc.*, No. 96 C 3553, 1996 WL 568786, at *3 (N.D. Ill. Oct. 2, 1996) (same). While there does not appear to be unanimity between district courts as to the specificity required of the allegation that a plaintiff is an employee, *see Collins v. Midwest Med. Records Ass'n*, No. 07-CV-437, 2007 WL 7166826, at *2 (E.D. Wis. Oct. 5, 2007) (declining to dismiss where plaintiff alleged only the Defendant employed 50 or more employees, but not with what proximity to work site), it is plain that some kind of allegation to that effect is needed in order to raise a plaintiff's entitlement to relief beyond a speculative level. *Tamayo*, 526 F.3d at 1084. Gilliam's complaint contains no allegation of this kind.

The insufficiency of Gilliam's complaint is highlighted by his failure to respond to Joint Logistics's assertion that it did not employ more than 27 people at its Rock Island location. It

4

seems probable, given Girvin's affidavit, that Gilliam would not be able to make out a claim under any circumstances. Other courts have dismissed FMLA claims with prejudice where affidavits are offered alongside a motion to dismiss suggesting that a plaintiff will not be able to plead facts required for FMLA liability. *See, e.g.*, *McLaughlin v. Tuthill Transfer Sys.*, No. CIV.A.01-252, 2002 WL 975758, at *1 (E.D. La. May 9, 2002) (dismissing with prejudice an FMLA claim where defendant's motion to dismiss included an affidavit asserting that it did not meet the FMLA's definition of an employer).

Gilliam's complaint is insufficient as it stands to state a claim upon which relief could be granted. Because Gilliam does not allege that Joint Logistics employs the required number of people at or near its Rock Island site, or that he worked the requisite number of hours in the year preceding his termination, his claims, whether for interference or retaliation under the FMLA, must be dismissed. Because it appears that there are no circumstances under which Gilliam could make out an FMLA claim against Joint Logistics, the dismissal is with prejudice. *See Trailhead Capital, LLC v. DHL Exp. (USA), Inc.*, No. 11 C 7028, 2012 WL 669066, at *4 (N.D. Ill. Feb. 29, 2012) (dismissing with prejudice claims which could under "no circumstances" be sustained as a matter of law).

## CONCLUSION

Accordingly, Defendant's motion to dismiss, ECF No. 2, is GRANTED. Plaintiff Gilliam's Complaint, ECF No. 1-2, is DISMISSED WITH PREJUDICE. No further claims remaining, the Clerk is directed to enter judgment and close the case.

Entered this 27th day of February, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
